604 *LEROY BROWN, plaintiff in error, v. R. N. REED & COMPANY, defendants in error.

(Atlanta, January Term, 1871.)

QUESTION OF FACT—WEIGHT OF EVIDENCE—CREDIBILITY OF WITNESSES.*—This Court will not set aside the verdict of the jury on questions of fact fairly submitted to their consideration, without such verdict is strongly and decidedly against the weight of the evidence; and in cases where the plaintiff or defendant are witnesses for themselves, their interest goes to their credibility, to be judged of exclusively by the jury.

*CREDIBILITY OF WITNESSES.—It is for the jury alone to decide upon the credibility of the witnesses. This case is decided by the principle laid down in Broughton v. Godwin, 39 Ga. 359-60, and in the case of Brown v. Reed, 41 Ga. 604, at this term; and we therefore affirm the judgment of the court below granting a new trial on this ground. Salter v. Glenn, 42 Ga. 82.

Brown v. Reed & Co

Party as Witness. New Trial. Before Judge Harrell. Terrell Superior Court. May Term, 1870.

Orr, Brown & Company, on the 23d of June, 1867, gave R. N. Reed & Company their promissory note for $2,443 54, due the 1st of November, 1867. On the 1st of January, 1868, Leroy Brown mortgaged to R. N. Reed & Company certain described lands, partly in Terrell county and partly in Calhoun county, to secure $5,033 63 due to R. N. Reed & Company by said Brown and said Orr, Brown & Company, endorsed by a note dated June 22d, 1867, and due 1st November, thereafter, for $2,443 54. The aggregated indebtedness is entitled to a credit of $2,066 03, paid by Brown, leaving due to mortgagees, at that time, $3,000 00. (The date of the note, as recited in the mortgage, is evidently a mistake—it should be 23d.) On the 17th of September, 1868, Brown paid on said note $282 52.

At May Term, 1869, of Terrell Superior Court, R. N. Reed & Company petitioned for the foreclosure of said mortgage on all of said lands. A rule nisi was entered upon the minutes and was in the usual form, but it was not signed by anybody. As the record appears, the sheriff returned, upon the petition, that he had served Brown "personally with a copy of the within rule nisi."

At November Term, 1869, of said Court, Brown filed the following objections to the foreclosure: Said rule, as served on him, is signed by nobody, and has no certificate showing that it is part of the minutes of said Court; and that he had paid the note in cotton.

Upon the trial, the parties proceeded directly to the contest *as to said payment, taking no notice of the alleged defect in service. As to a payment there was no dispute, but one of the plaintiffs testified that they had credited Brown's open account with part of the amount paid and had credited the note with the balance, only, and that the payment was made without any instructions as to application. On the other hand, Brown admitted that he owed the open account, but testified that it was expressly understood and directed by him, at the time of payment, that it should be applied to the account. Each party gave, in extenso, facts going to show his statement to be true. The jury found $2,310 68 to be due on the note and a rule absolute for the foreclosure of the mortgage was taken. Brown moved for a new trial upon the grounds, that the verdict was contrary to law, the evidence, and equity; because the foreclosure, as to the land in Calhoun, in Terrell Superior Court, was illegal; and because of proper service as aforesaid. The Court said that the question of jurisdiction as to the Calhoun land, and as to the service, were not made, and refused a new trial. This refusal is assigned as error.

Lyon, DeGraffenried & Irvin, for plaintiff in error.
C. B. Wooten, for defendants.

LOCHRANE, C. J.

In this case it appears that Brown owed Reed & Company a debt, for which he executed a mortgage, and this litigation arises on its foreclosure. The whole matter before us is, whether the jury found contrary to the evidence, and the solution of that question depends upon the price which is to be credited for six bales of cotton. On the 1st January, 1868, when the mortgage was executed, the parties agreed that the balance due to Reed & Company was $3,000 00. Brown introduced himself as a witness, and proved that since the execution of the mortgage he had sent twelve bales of cotton to Reed & Company. Six bales were sent early in January, and were received, sold and credited by Reed & *Company at some twelve cents a pound, or market value. Brown says that he sent these bales under a contract that if Reed & Company used them or sold them before the time the mortgaged debt fell due he was to pay twenty-five cents per pound. The other six bales were sent in September, and Reed & Company allowed and credited him with twenty-five cents per pound. Orr, a member of the firm of Orr, Brown & Company, testifies he was present at the execution of the mortgage, and did not hear Reed agree to give Brown twenty-five cents per pound for the six bales sent in January. Mr. Reed testifies that Orr wrote him to know if he would take six bales of cotton at Dawson at twenty-five cents per pound, which he did, and which is so credited. The account current was in evidence.

Upon reviewing this evidence we do not hold that the jury found contrary to the evidence. There are many reasons why the jury should have found as they did in regard to the six bales shipped in January, and have believed Mr. Brown mistaken in his recollection. In the first place, he was the defendant, and this fact alone goes to the credibility of a party. No matter how honest or how honorable, the law imposes this on his privilege of being witness and party. In the second place, the contract to give twenty-five cents per pound, when the market price was twelve cents was a circumstance for the jury to consider. In the third place, the manner of statement, "that if he sold or used them before the mortgage fell due," when the time that had to elapse from January 1st to the 1st September thereafter could hardly be held as reasonable time to hold cotton on storage.

Again, Mr. Brown owed Reed & Company, and Reed, by the evidence, came to Dawson, and while there took a mortgage for his debt, and the jury might have held that the six bales were sent as a payment, and that the fact of its being sold and credited evidences this. Again, the jury might have looked to Orr's testimony; present at the execution of the mortgage, not hearing such contract, they might have looked to his close relationship both to Brown and Reed,

and argued from his not knowing it that it might have been a mistake. *Again, Orr's writing to Reed about his giving twenty-five cents per pound for the cotton sent in September, might have been weighed by the jury. In fact,. divers propositions may have entered into their consideration of the case, and we think that the verdict is sustained by the evidence, and upon the well settled rule of this Court, we will not interfere to set aside the verdicts of juries in cases of this. character.

Inasmuch as counsel in this case are willing to allow the deduction from the judgment to the amount stated .in account, we affirm the judgment in this case with directions to write off the sum necessary to reduce the judgment to $2,161 90.

Judgment affirmed.